Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5584 | **DATE** | August 31, 2012 |
| **CASE TITLE** | Deon Landry (#K-62240) vs. Stateville Correctional Facility, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#8] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Stateville Correctional Center. However, summonses shall not issue at this time. The plaintiff is ordered to show good cause in writing why this suit should not be dismissed for failure to exhaust administrative remedies prior to bringing suit. Failure to show cause within twenty-one days will result in summary dismissal of this case pursuant to 42 U.S.C. § 1997e(a).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

  The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff contends, essentially, that the overall conditions of his confinement at the Stateville Northern Reception and Classification Center violated his constitutional rights.

  The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived. However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

  On the court's own motion, the plaintiff is ordered to show good cause in writing why this case should not be dismissed for failure to exhaust administrative remedies prior to initiating suit. The Prison Litigation **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Reform Act contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Although lack of exhaustion is generally an affirmative defense, dismissal on the pleadings may be proper where they establish a failure to exhaust administrative remedies. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *see also Booth v. Churner,* 531 U.S. 956 (2001).

A grievance attached to the amended complaint is dated July 10, 2012; the plaintiff initiated suit on July 16, 2012, only six days later. It would seem highly unlikely that the plaintiff could have completed the multi-step administrative exhaustion process in the past six weeks, let alone the few days after he filed his grievance. The plaintiff does not appear to have given prison officials the chance to finalize the process.

If the plaintiff filed suit before receiving a final decision from the Administrative Review Board, then this action is premature. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Porter v. Nussle*, 534 U.S. 516, 525 (2002) ("[a]ll 'available' remedies must now be exhausted"). "[I]t is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

For the foregoing reasons, the plaintiff is ordered to show good cause in writing why this case should not be dismissed for failing to exhaust administrative remedies prior to bringing suit. Failure to show cause within twenty-one days will result in summary dismissal of this case, without prejudice to re-filing suit after the administrative exhaustion process is completed.

**The plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.**