# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5584 | **DATE** | September 21, 2012 |
| **CASE TITLE** | Deon Landry (#K-62240) vs. Stateville Correctional Facility, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint is summarily dismissed on initial review pursuant to 42 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust administrative remedies prior to filing suit. The case is terminated. The plaintiff's motion for appointment of counsel [#9] is denied as moot. Dismissal is without prejudice to re-filing suit once grievance procedures have been finalized. This dismissal for failure to exhaust does **not** count as a "strike" under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**    Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff contends, essentially, that the overall conditions of his confinement at the Stateville Northern Reception and Classification Center, particularly his subjection to improperly applied restraints, violate his constitutional rights.

By Minute Order of August 31, 2012, the court granted the plaintiff leave to proceed *in forma pauperis* but ordered him to show cause why this suit should not be dismissed for failure to exhaust administrative remedies prior to bringing suit. Having considered the plaintiff's response, the court remains satisfied that dismissal is appropriate.

As discussed in the court's prior order, the Prison Litigation Reform Act contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim [in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Although lack of exhaustion is generally an affirmative defense, dismissal on the pleadings may be proper where they establish a failure to exhaust **(CONTINUED)**

mjm

administrative remedies. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *see also Booth v. Churner,* 531 U.S. 956 (2001).

The plaintiff asserts that he filed a grievance with the Administrative Review Board, but that other inmates have informed him that the ARB generally does not respond to grievances. However, the plaintiff neither followed proper grievance procedures nor gave prison officials the chance to act on the grievance.

First, acted prematurely in filing suit so quickly. The plaintiff reports that he filed his grievance on July 9, 2012; he initiated suit on July 16, 2012, only seven days later. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Exhaustion is a precondition to filing suit, so that an inmate's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford,* 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[I]t is essential to keep the courthouse doors closed until [exhaustion] efforts have run their course." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). At the time the plaintiff commenced this lawsuit, he "could not properly conclude that the jail was delinquent in providing a response." *Compare Winder v. Sheahan*, 52 Fed. Appx. 833, 834 (7th Cir. 2002). The plaintiff did not give jail officials an adequate chance to respond to the grievance.

The plaintiff's subjective belief that correctional officials might not respond to his grievance does not excuse the administrative exhaustion requirement. There is no "futility exception" to the PLRA's exhaustion requirement. *Wheeler*, 221 F.3d at 1034. "No one can know whether administrative requests will be futile; the only way to find out is to try." *Perez*, 182 F.3d at 535. "The potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures." *Helman*, 196 F.3d at 733.

The court additionally notes that the plaintiff appears not to have followed proper procedures in filing his grievance directly with the Administrative Review Board. Generally, grievances are filed at the institution and the ARB hears only appeals. As the plaintiff is still confined at Stateville, the court discerns no basis for bypassing institutional review and starting the grievance process at the ARB level. As the plaintiff is complaining of an ongoing problem, he should avail himself of the three-step review process, beginning with his correctional counselor.

For the foregoing reasons, this suit is summarily dismissed pursuant to 42 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust administrative remedies prior to bringing suit. As dismissal is based on grounds of non-exhaustion, no "strike" will be assessed under 28 U.S.C. § 1915(g). Dismissal is without prejudice to re-filing suit once the plaintiff has finalized the grievance process.

**(CONTINUED)**

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915A.

Finally, the plaintiff is once again reminded, for future reference, that he is required to provide the court with the original plus a judge's copy of every document filed.